NELSON, APPELLANT, *v.* NELSON, APPELLEE.

[Cite as Nelson v. Nelson, 3 Ohio App. 2d 293.]

(No. 9592—Decided December 7, 1964.)

*Mr. Owen K. Blythe*, for appellant.

HOVER, P. J. This is an appeal on questions of law from the refusal of the court below to award a decree of divorce to plaintiff, appellant herein, on the pleadings and evidence in an uncontested proceeding in that court. The matter was presented upon a transcript of the docket and journal entries in the court below, including a separate finding of law and fact, and was briefed and argued by counsel for plaintiff-appellant.

The facts as indicated by the record show the parties were married in 1948 and lived together until 1950, when the husband deserted the wife. The petition prayed for a divorce upon the ground of wilful absence for more than one year prior to filing of the petition in 1964.

The court below found that plaintiff had abandoned a son of the parties, born prior to the marriage, when he was an infant, the son now being twenty-two years of age; it thus appearing that such abandonment, if any, preceded the marriage by which time the child had become and apparently remained a ward of the Juvenile Court. The court found, under the circumstances, the plaintiff to have been guilty of gross neglect of duty, as that phrase is used in the divorce law of this state, and, accordingly, refused the decree prayed for on the ground that plaintiff did not have "clean hands."

An examination of this record and the findings of fact indicate a total lack of any evidence showing the plaintiff to have been guilty of gross neglect of any of her marital duties toward the defendant. Consequently, on the evidence presented showing a wilful absence of the defendant for more than one year, to wit, fifteen years, plaintiff became entitled to a divorce which the court below should have decreed. The judgment of the court below is, therefore, reversed and held for naught.

Coming now to enter the judgment which the court below should have rendered, this court directs that the plaintiff be awarded a decree of divorce as prayed for in her petition.

*Judgment accordingly.*

HILDEBRANT and LONG, JJ., concur.